IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER CHARLES ROGERS, :

     Plaintiff, :

vs. : CIVIL ACTION 10-00011-CG-B

CITY OF GULF SHORES, POLICE :
DEPARTMENT, *et al.*,
      :
     Defendants.
      :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a motion to proceed without prepayment of fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to pay the partial filing fee.

Upon review of Plaintiff's complaint and motion, he was directed to file a new complaint and motion because neither was on the correct forms. (Doc. 3). Plaintiff filed a new complaint and motion utilizing the Court's current forms on January 29, 2010. (Docs. 4, 5). Subsequent thereto, the Court entered an Order granting Plaintiff's motion, and directing Plaintiff to pay a partial filing fee in the amount of $24.00 by March 2, 2010. Plaintiff was cautioned that his failure to comply with

the Order within the prescribed time would result in the dismissal of his action. To date, Plaintiff has not paid the partial filing fee, nor has his copy of the Court's Order been returned to the Court.

Due to plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, the Court recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires

2

findings of contumacious conduct and that lesser sanctions will not suffice).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **14th** day of **June, 2010.**

                              **/S/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**